UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**FRANK LEROY HERSHA, JR.**,                    Civil Case No. 6:12-CV-02279-KI

             Petitioner,

                   v.                    OPINION AND ORDER

**MARK JONES** and **KRISTIN WINGES-YANEZ**,

             Respondents.


      Thomas J. Hester
      Assistant Federal Public Defender
      101 SW Main Street, Suite 1700
      Portland, Oregon  97204

          Attorney for Petitioner

      Ellen F. Rosenblum
      Attorney General


Page 1 - OPINION AND ORDER

Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

     Attorneys for Respondent

KING, Judge:

Petitioner, currently under post-prison supervision by the Marion County Parole and

Probation Division, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the

reasons below, I deny his amended petition [7] and dismiss this proceeding with prejudice.

## PROCEDURAL BACKGROUND

A judge convicted petitioner in a bench trial of three counts of Sexual Abuse in the First

Degree.  The victims are the children of petitioner's friend:  a four-year-old boy, JB; a

six-year-old girl, SK; and a seven-year-old girl, NK.  On May 9, 2006, the trial court sentenced

petitioner to three concurrent terms of 75-months' imprisonment followed by 45 months'

post-prison supervision.

On direct appeal, petitioner raised claims based on sufficiency of the evidence.  The

Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme

Court denied his petition for review.

Petitioner filed a petition for post-conviction relief ("PCR").  The fourth amended

petition alleged a claim of ineffective assistance of trial counsel on eight grounds.  After a trial,

the PCR trial court denied relief.  Petitioner appealed the decision on the grounds of ineffective

assistance of counsel when trial counsel failed to adequately investigate and prepare for trial,

Page 2 - OPINION AND ORDER

including:  (1) failure to adequately consult with petitioner; (2) failure to call essential defense

witnesses; (3) failure to introduce exculpatory evidence; (4) failure to adequately cross

examine/impeach the alleged victims; (5) failure to file motions to suppress and for judgment of

acquittal; and (6) failure to be in an adequate emotional and psychological state to represent a

client.  The Oregon Court of Appeals filed an Order of Summary Affirmance, and the Oregon

Supreme Court denied his petition for review.

Petitioner then timely filed this petition for habeas corpus in federal court.

## LEGAL STANDARDS

An application for a writ of habeas corpus shall not be granted unless adjudication of the

claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable

application of, clearly-established federal law, as determined by the Supreme Court of the United

States" or (2) was "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d).  The state court's findings of fact

are presumed correct, and a petitioner bears the burden of rebutting the presumption of

correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice

systems, not a substitute for ordinary error correction through appeal.'"  Hibbler v. Benedetti,

693 F.3d 1140, 1148 (9th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770,

786 (2011)) (additional internal quotation omitted).  "'[T]he question under AEDPA is not

whether a federal court believes the state court's determination was incorrect but whether that

determination was unreasonable–a substantially higher threshold.'"  Id. at 1146 (quoting Schriro

v. Landrigan, 550 U.S. 465, 473 (2007)).

Page 3 - OPINION AND ORDER

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495 (2000).

A state court decision is an "unreasonable application" of clearly-established federal law if the court:  (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply.  Id. at 407, 413.  Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly.  The state court decision must be "objectively unreasonable."  Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166 (2003).

## DISCUSSION

Petitioner alleges two grounds for relief:

Ground One:  Denial of petitioner's rights in violation of ORS 138.530.

Supporting Facts:  Petitioner was prejudiced in that he was denied adequate assistance of council.

Ground Two:  Petitioner was prejudiced in that he was denied adequate assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Section 11 of the Oregon Constitution, because trial counsel failed to exercise reasonable professional skill and judgment in the following areas:

Supporting Facts:[1]

---

[1]  Because of the length of the Supporting Facts portion of the amended petition, I will paraphrase the subparts here and give more detail when required by the analysis.

1.    Trial counsel failed to subpoena Dawn Moffit and David Slay.

2.    Trial counsel failed to conduct an adequate investigation.

3.    Trial counsel failed to introduce exculpatory statements made by the victims to a counselor at the Looking Glass Counseling Program.

4.    Trial counsel failed to impeach the testimony of the victim NK by a statement she gave to a Looking Glass counselor and by the fact victim NK told victim SK what to say during trial.

5.    Trial counsel failed to move for a judgment of acquittal based on the lack of credibility of the victims.

6.    Trial counsel failed to keep petitioner and PCR counsel fully informed about exculpatory evidence.

7.    Trial counsel failed to move to suppress petitioner's statements to Detective Michael Myers after petitioner invoked his right to counsel.

8.    Trial counsel failed to provide effective assistance of counsel because of personal stressors in her life at the time of petitioner's trial.

Am. Pet. for Writ of Habeas Corpus 6-7, ECF No. 7 [hereinafter Petition].

I.    <u>Unargued Grounds</u>

Petitioner did not provide any argument in his brief to support Ground One and Two (subparts 2, 4, 5, 7, and 8).

A habeas petitioner is denied relief on a claim if he neither sets forth the legal standards for the issue nor attempts to meet them. <u>Davis v. Woodford</u>, 384 F.3d 628, 638 (9th Cir. 2004) (petitioner has the burden of proving by a preponderance of the evidence that he is entitled to habeas relief). Petitioner failed to meet the burden on Grounds One and Two (subparts 2, 4, 5, 7, and 8). Consequently, I deny habeas relief on these claims.

II.    <u>Ineffective Assistance of Counsel</u>

Petitioner provides argument that trial counsel provided ineffective assistance in three different ways:  (1) failing to subpoena Dawn Moffit and David Slay; (2) failing to introduce exculpatory statements made by the victims to a counselor; and (3) failing to keep petitioner and PCR counsel fully informed about exculpatory evidence.  Respondents contend the PCR court's decisions denying the claims are neither contrary to nor unreasonable applications of Supreme Court precedent, are supported by the record, and are entitled to deference.

A.    <u>Applicable Law</u>

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 688 (1984).  A defendant is prejudiced by counsel's deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Clark v. Arnold</u>, 769 F.3d 711, 725 (2014) (quoting <u>Strickland</u>, 466 U.S. at 694).  A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome.  <u>Kyles v. Whitley</u>, 514 U.S. 419, 434-35 (1995); <u>Strickland</u>, 466 U.S. at 693, 695.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689.  Reasonableness is judged as of the time of counsel's conduct, not in hindsight.  <u>Id.</u> at 689-90.  The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then

determine whether, in light of all the circumstances, the identified acts or omissions were outside

the wide range of professionally competent assistance.  Id. at 690.  "Judicial scrutiny of counsel's

performance must be highly deferential."  Id. at 689.

> Establishing that a state court's application of Strickland was unreasonable
> under § 2254(d) is all the more difficult.  The standards created by Strickland and
> § 2254(d) are both "highly deferential," [Strickland, 466 U.S. at 689], and when
> the two apply in tandem, review is "doubly" so.  [Knowles v. Mirzayance, 129 S.
> Ct. 1411, 1420 (2009).] . . . When § 2254(d) applies, the question is not whether
> counsel's actions were reasonable.  The question is whether there is any
> reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 788 (2011) (some citations omitted).

### B.    Witnesses Moffit and Slay

In Ground Two (1), petitioner alleges he was denied adequate assistance of counsel

because trial counsel "failed to subpoena key witnesses, Dawn Moffitt & David Slay."

Petition 7.  Petitioner's brother suggested trial counsel talk to these witnesses.

#### 1.    Dawn Moffit[2]

Trial counsel's investigator spoke to Moffit, who explained SK and NK told her

petitioner did not touch them but that JB always said petitioner had touched him.  Trial counsel

explained the dilemma to petitioner, particularly in light of her hope that if she could keep JB

from testifying due to incompetency because of his young age, there was a chance the court

would dismiss the count concerning him.  If that happened, trial counsel thought Moffit's

testimony would then be useful.  If JB remained a part of the case, however, Moffit's testimony

---

[2]  Dawn Moffit also has been known at various times as Dawn Bartlett and Dawn
Compton.  For clarity, I will refer to her as Dawn Moffit.

would hurt petitioner as much as help him.  Moreover, Moffit was reluctant to testify because she was the children's aunt; she did not want to disrupt her relationship with their father, her brother.

In his affidavit filed with the PCR court, petitioner denied that trial counsel discussed Moffit's statement with him before the trial.  The PCR court found that petitioner's statements were not as accurate as the statements of trial counsel and her investigator, based on the number of petitioner's allegations that were not substantiated.  A state court's credibility finding is a type of factual finding which a petitioner must rebut by clear and convincing evidence.  Sexton v. Cozner, 679 F.3d 1150, 1156 (9th Cir. 2012); 28 U.S.C. § 2254(e)(1).  Petitioner has not met this burden.

The PCR court then concluded trial counsel discussed the issue with petitioner and made a strategic decision not to call Moffit because her testimony would have been harmful.

Trial counsel had her investigator follow-up on petitioner's family's request to speak with Moffit, but Moffit's testimony could have hurt petitioner as much as help him.  Trial counsel also considered using Moffit's testimony if she was able to get JB's count dismissed.  The PCR court did not unreasonably apply federal law when it concluded trial counsel made a strategic decision and thus provided adequate assistance.  Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997) ("Counsel knew about the evidence and looked into it, but chose as a tactical matter not to use it. A reasonable tactical choice based on an adequate inquiry is immune from attack" under Strickland.); Correll v. Ryan, 539 F.3d 938, 948 (9th Cir. 2008) (same).

The fact that trial counsel did not subpoena Moffit does not change this determination. At the end of the first day of trial, trial counsel and the judge discussed Moffit as a potential witness the next morning.  When court reconvened, trial counsel called another witness and then

Page 8 - OPINION AND ORDER

rested.  There was no discussion that she wanted Moffit to testify but could not locate her. Apparently, trial counsel made the final decision overnight not to call Moffit.  There is no evidence to the contrary.

In sum, under <u>Harrington</u>, 131 S. Ct. at 788, there is a reasonable argument that trial counsel satisfied <u>Strickland</u>'s deferential standard.

2.    <u>David Slay</u>

Trial counsel's investigator attempted to call Slay on two different days, and left at least one message, but he never responded.  The investigator told petitioner's brother, the source of the lead about Slay, that she could not reach Slay.  The brother explained Slay lived with the family at the time of the incident but never indicated Slay was critically important to the case.  Trial counsel also tried to call Slay but a woman answered the phone.  Trial counsel did not leave a message because she only wanted to see if Slay was home, and if so, trial counsel would have had her investigator immediately call him back.  Trial counsel did not want to talk to Slay herself because she could not have testified at trial about any statement he made.

Slay provided an affidavit to the PCR court stating that the children's parents told him their children were afraid to go to their grandmother's home because she was touching them inappropriately.  A few months later, Slay learned the authorities removed the children from their home because of their parents' drug use and mother's attempted suicide.  The parents told him at that time they were going to try to blame petitioner or his father for touching the children inappropriately.  The parents thought this would make them look better to the authorities and would take the focus away from them and their family's history of complaints with Child Services.

Page 9 - OPINION AND ORDER

The PCR court found trial counsel and her investigator both tried to obtain statements from Slay but were unable to do so.  The PCR court concluded trial counsel did not provide ineffective assistance to petitioner because she tried to obtain sufficient information to make a decision on whether Slay should testify but was unable to do so because of Slay's failure to respond.

The parties debate whether Slay could have testified to the hearsay statement by the victims' parents.  I do not think this question is relevant because, even if Slay could not have testified, his information might have lead to other exculpatory evidence.  As the PCR court realized, however, the important point is that Slay never responded to multiple attempts by the defense team to contact him.  Consequently, trial counsel had no information from Slay, or from anybody else, that Slay would have been an important witness to the defense.  The PCR court did not unreasonably apply federal law when it concluded trial counsel provided adequate assistance when she attempted to locate and interview Slay but was unable to do so.  Without being able to speak to Slay before the trial to determine if his testimony would help or hurt petitioner, it would have been unwise to subpoena Slay and learn for the first time at trial what he knew.  Thus, trial counsel's conduct fell within the wide range of reasonable professional assistance.

Again, under Harrington, there is a reasonable argument that trial counsel satisfied Strickland's deferential standard.

C.    Victims' Statements to a Counselor

In Ground Two (3), petitioner alleges he was denied adequate assistance of counsel because trial counsel "failed to introduce as exculpatory evidence statements made by the alleged victims to a counselor at the Looking Glass Counseling Program.  These statements were

Page 10 - OPINION AND ORDER

available to the Grand Jury and, therefore were available through discovery procedures."
Petition 7.

The children went to the Looking Glass Counseling Program for at least several months in 2005, when they were removed from their home, and spoke with Loree Holmes, a counselor there.  In the records from January 12, 2005, Holmes reports SK denied petitioner had ever touched her.  On January 20, Holmes reports NK disclosed that petitioner molested her three younger siblings but did not molest her.  On March 1, Holmes reports NK again disclosed that petitioner did not touch her but did touch her three younger siblings.

The children were also interviewed by Raymond Broderick, the Director of the Child Advocacy Center of Lane County.  NK apparently explained to Broderick that she told SK "what to say, but I didn't tell her all of it."[3]  Ex. 146, at 26, ECF No. 28.  The trial judge reviewed the DVD recordings of the interviews in chambers during the trial.  In her deposition filed with the PCR court, trial counsel explained she did not remember explicitly, but she typically would not ask about an ambiguous statement like that in trial because it could have led to surprise testimony harmful to petitioner.

Broderick also testified children's stories can change for reasons other than untruthfulness because they tell different parts of the story at different times.  Additionally, they tend to discuss their primary concern at the time, which might not be sexual abuse that happened months before by a person they no longer see.

The PCR court found the evidence did not support this allegation.  Trial counsel discussed the victims' inconsistent statements with petitioner and specifically questioned the

---

[3]  The court does not have a transcript of the interviews.

victims at trial as to whether or not their stories were the same.  The PCR court found there was

no evidence showing the trial outcome would have been better for petitioner if trial counsel had

asked any further specific questions of the victims.

  A review of the record supports the PCR court's analysis.  Trial counsel asked the girls

about talking with Holmes but did not confront them with their past statements that petitioner

never touched them.  Trial counsel did ask the girls if their stories had always been the same.

She also asked if the siblings had talked to each other a lot about what had happened.  In closing

argument, trial counsel asked the judge to carefully review the videotaped interviews.  At a

minimum, she argued some of the confusion on the stand and the significant inconsistencies in

the statements were not all necessarily attributed to the children's age and immaturity.[4]

Moreover, an attorney can only push seven and eight year-old girls so far, especially when one is

testifying holding her teddy bear.  I agree with the PCR court's conclusion there is no evidence

the court would have acquitted petitioner on any additional grounds if trial counsel specifically

impeached the girls with their previous inconsistent statements.  I also note the court did acquit

petitioner of two of the three counts pertaining to SK because of her inability to delineate specific

times from each other.

  Under Harrington, id., there is a reasonable argument that trial counsel satisfied

Strickland's deferential standard.

----

  [4]  Respondents were unable to locate the transcript of the end of the defense closing
argument and the prosecutor's reply argument.

Page 12 - OPINION AND ORDER

D.    Keeping Petitioner Informed

In Ground Two (6), petitioner alleges he was denied adequate assistance of counsel

because trial counsel

> failed to keep Petitioner fully informed and did not advise him about the discovery
> and evidence available to his defense, thereby denying him his 6th amendment
> right to counsel.  Specifically, trial counsel did not inform Petitioner that she had
> received evidence from Looking Glass Counseling Program which contained
> exculpatory statements made prior to trial by [NK and SK], nor did she advise
> Richard Cowan, Post Conviction Relief Attorney for Petitioner of the DVD
> Interviews used in trial in which NK made a statement that she had told SK what
> to say.

Petition 7.

The PCR court found that even though trial counsel did not meet with petitioner a large

number of times, the exhibits did not support the allegation that petitioner was not adequately

apprised of discovery.  In addition, the PCR court concluded the statements of trial counsel and

her investigator were probably more accurate than petitioner's statements.

Petitioner provides no argument concerning PCR counsel.  I deny habeas relief on that

part of the ground.

Trial counsel's normal procedure was to show all DVDs to her client.  The investigator

typically reviewed all discovery with the client, and her notes indicate she visited petitioner in

jail to do so.  In contrast, petitioner testified to the PCR court that he did not learn of this

discovery until long after his trial.  As I explained above, the PCR court found petitioner's

statements were not credible.  Petitioner has not rebutted this factual finding's presumption of

correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Based on the credibility

finding, there is a reasonable argument that trial counsel satisfied <u>Strickland</u>'s deferential

standard.

        D.     <u>Summary</u>

       In sum, petitioner's ineffective assistance of counsel claims fail.  As the PCR court

concluded, trial counsel's performance did not fall below an objective standard of

reasonableness, especially when I apply the doubly deferential standard of review, as discussed in

<u>Harrington</u>, 131 S. Ct. at 788.  There is definitely a reasonable argument that trial counsel

satisfied <u>Strickland</u>'s deferential standard.  Accordingly, I deny Ground Two (subparts 1, 3, and

6) on the basis that the state court's decision is neither contrary to, nor an unreasonable

application of, clearly established law.

<b>CONCLUSION</b>

       Based on the foregoing, I deny petitioner's amended habeas corpus petition [7] and

dismiss this proceeding with prejudice.  Because petitioner has not made a substantial showing of

the denial of a constitutional right, a certificate of appealability is denied.  <u>See</u> 28 U.S.C.

§ 2253(c)(2).

       IT IS SO ORDERED.

       Dated this _____28th_____ day of January, 2015.


                                  _/s/ Garr M. King_____
                                  Garr M. King
                                  United States District Judge